UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, AND TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>              Plaintiffs,<br><br>  -against-<br><br>EASTERN DESIGN TILE & MARBLE, INC.,<br><br>              Defendant. | 18 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Local 7 Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 7 Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 7 Benefit Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (the "International Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Benefit Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. Defendant Eastern Design Tile & Marble, Inc. ("Eastern") is a corporation organized under the laws of the State of New York. At relevant times, Eastern was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Eastern maintains a place of business at 26 Valley Place, Larchmont, New York 10538.

**STATEMENT OF FACTS**

7. The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

8. At all times relevant hereto, Eastern was bound to a collective bargaining agreement (the "Agreement") with the Union.

9. The Agreement required Eastern to make specified hourly contributions to the Local 7 Benefit Funds and the International Benefit Funds, and various entities on whose behalf they act as collection agents (collectively, the "Funds"), in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

10. The Agreement requires that Eastern report to the Funds the number of hours of Covered Work performed by each employee.

11. Pursuant to the Agreement and the documents and instruments governing the Funds, in the event an employer fails to pay contributions when due, the employer is liable to the Local 7 Benefit Funds for interest on the amount of the unpaid contributions at an annual rate of 10% and to the International Benefit Funds at an annual rate of 15%.

12. Pursuant to the Agreement and the documents and instruments governing the Funds, in the event the Funds are require to commence an action to recover contributions owed, the employer is liable to the Funds for liquidated damages of 20% of

the amount of the unpaid contributions and for all attorneys' fees and costs incurred by the Funds.

13. Based on reports submitted by Eastern to the Funds, Eastern performed Covered Work from January 2018 through May 2018.

14. In connection with Covered Work performed from January through May 2018, Eastern owes contributions in the amount of $524,321.17.

## FIRST CLAIM FOR RELIEF

15. Plaintiffs repeat the allegations set forth in paragraphs 1 through 14 above and incorporate them herein by reference.

16. At relevant times, Eastern was a party to, or manifested an intention to be bound by, the Agreement with the Union.

17. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

18. The Agreement required Eastern to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

19. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

20.     Defendant contravened both the Agreement and section 515 of ERISA by failing to contribute $524,321.17 to the Funds in connection with Covered Work performed from January through May 2018.

21.     Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds for delinquent contributions in an amount to be determined at trial, including contributions of $524,321.17, plus interest at a rate of 10% to the Local 7 Benefit Funds and a rate of 15% to the International Benefit Funds; liquidated damages of 20% of the principal amount due; plus all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1)     Award judgment to Plaintiffs against Defendant for all contributions in an amount to be determined at trial, including contributions for work performed from January through May 2018 of $524,321.17, plus interest and liquidated damages;

(2)     Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3)     Award Plaintiffs such other and further relief as is just and proper.

Dated:  New York, New York           Respectfully submitted,
        June 7, 2018

                                     **VIRGINIA & AMBINDER, LLP**

                            By:      ___/s/ Nicole Marimon_____
                                     Charles R. Virginia, Esq.
                                     Nicole Marimon, Esq.
                                     40 Broad Street, 7th Floor
                                     New York, New York 10004
                                     (212) 943-9080

                                     *Attorneys for Plaintiffs*